Filed 11/25/13  Barnard Enterprises v. American home and Mortgage CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BARNARD ENTERPRISES, INC., | B246070 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC093038) |
| v. | |
| AMERICAN HOME MORTGAGE SERVICING, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Frank J. Johnson, Judge.  Affirmed.

Law Offices of Kyler, Kohler Ostermiller & Sorensen and Lee W. Chen for Plaintiff and Appellant.

Smith Dollar, Rachel M. Dollar, Sherill A. Oates and Austin D. Garner for Defendants and Respondents.

Wright, Finlay & Zak, T. Robert Finlay and Jonathan D. Fink for Defendants and Respondents.

\* \* \* \* \* \* \*

Barnard Enterprises, Inc. (appellant) appeals from an order awarding American Home Mortgage Servicing, Inc.[1] and Deutsche Bank National Trust Company (respondents) $87,959.50 in attorney fees as the prevailing parties under Civil Code[2] section 1717 on a complaint for breach of a 2010 real estate purchase agreement. Appellant claims the trial court erred in failing to apply releases executed in connection with a 2012 real estate purchase agreement of the same property. We affirm the trial court's order awarding attorney fees.

## BACKGROUND

On March 16, 2011, appellant filed a complaint against respondents regarding the purchase of real property consisting of approximately 8.36 acres in Agoura Hills. The complaint alleged American Home Mortgage Servicing, Inc. and its "indenture trustee" Deutsche Bank National Trust Company represented that the property included a home site and a ranch site. The home site included the main house, pool and tennis courts. The ranch site included open field areas, a running creek, guest house, ranch, and horse stables. After signing a purchase agreement to buy the property for $1.1 million and making a $50,000 escrow deposit, respondents advised appellant that the purchase contract only applied to the home site. The complaint contained claims for specific performance, breach of contract, promissory estoppel, interference with prospective business advantage and declaratory relief.

After respondents demurred to the complaint, appellant filed a first amended complaint on October 12, 2011. The first amended complaint named two additional defendants who had acted as respondents' real estate agents in the purchase transaction. The trial court subsequently sustained respondents' demurrer to the first amended complaint. On April 17, 2012, the trial court sustained respondents' demurrer to the second amended complaint without leave to amend. Attached to the second amended

---

[1]    American Home Mortgage Servicing, Inc. is now known as Homeward Residential Inc.

[2]    All further statutory references are to the Civil Code unless otherwise indicated.

2

complaint as exhibit C was the December 21, 2010 purchase agreement, paragraph No. 21 of which provides: "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller . . . ." On May 2, 2012, the trial court entered judgment in favor of respondents and awarded them costs and attorney fees.

On April 18, 2012, the real estate agents demurred to the second amended complaint. On June 11, 2012, appellant dismissed the real estate agents without prejudice.

On May 29, 2012, respondents filed a motion for attorney fees in the amount of $87,959.50. Appellant opposed the motion citing a May 21, 2012 revised contract for the purchase and sale of the property. Paragraph No. 4 of Addendum No. One of the May 21, 2012 purchase agreement provides: "Upon acceptance of offer, a notice of settlement shall be filed in case number LC093038 pending in Van Nuys Court. Upon successful close of escrow, Buyer and any Brokers will agree to release each other and their representation from any and all current pending or future suit, bear their own fees and costs and dismiss the same with prejudice."

Appellant argued that respondents' attorney fee request should be denied because respondents waived the right to attorney fees by entering into the subsequent agreement to sell the property, which contained paragraph No. 4 of Addendum No. One. According to appellant this addendum called "for a full release of liability and a waiver of fees and costs upon successful close of escrow." Appellant also asserted the fees were unreasonable. Respondents replied that the addendum only applied to the broker defendants, who had been dismissed from the action, and the fees were reasonable.

Respondents did not appear at the hearing on the attorney fee motion on July 24, 2012. Appellant's counsel argued that there was a drafting error in the purchase agreement and the parties meant to include sellers in the release contained in Addendum No. One. At the hearing, the trial court referred to an additional paragraph in Addendum No. One of the May 21, 2012 purchase agreement which stated: "6. Upon close of

3

escrow, all parties agree to fully release the other including a release under . . . section 1542." The trial court then denied the attorney fee motion without prejudice pending the close of escrow under the May 21, 2012 purchase agreement.

On August 9, 2012, respondents renewed their attorney fee motion. Respondents argued they were entitled to attorney fees as the prevailing parties under paragraph No. 21 of the December 2010 purchase agreement pursuant to section 1717. The waiver in the May 21, 2012 purchase agreement was inapplicable to respondents. The express terms of paragraph No. 4 of Addendum No. One applied only to buyer and brokers.

Appellant replied to the renewed motion asserting that there was a full release of respondents' attorney fee claims. In support of the argument, appellant cited Addendum No. One, paragraph No. 6, which provided that upon close of escrow the parties agreed to a full release under section 1542. In addition, appellant indicated that, on July 23, 2012, the parties executed Addendum No. Four and separately initialed the provision. Addendum No. Four states: "All parties (buyer, seller, and their respective representatives, including real estate agents) acknowledge that this property is being sold in as-is condition and all parties (buyer, seller, and their respective representatives, including real estate agents) will hold each other harmless and release each other, including a release under . . . section 1542, only upon successful close of this escrow." Appellant asserted that section 1542 barred the claims because the attorney fee claim was known to respondents when they executed and initialed the May 21, 2012 purchase agreements and the addenda.

In the reply, respondents asserted that the attorney fees were sought under the December 2010 contract for which a judgment existed in their favor. Respondents reiterated that paragraph No. 4 of Addendum No. One only referred to the buyer and broker and did not mention the seller. Respondents contended that the language in paragraph No. 6 of Addendum No. Four only related to the condition of the property. It was not a release of the attorney fees awarded pursuant to the judgment entered on the seconded amended complaint regarding the December 2010 purchase agreement.

4

The trial court granted the attorney fee motion. In granting the motion, the trial court ruled that Addendum No. One was inapplicable to the moving parties. There was no language in the May 2012 purchase agreement which addressed the judgment, including the attorney fee award. The trial court entered an order granting the motion on October 25, 2012, which was followed by this timely appeal.

## DISCUSSION

Appellant claims the trial court erred in granting the attorney fee motion after respondents executed a full release under section 1542 through various addenda to the May 2012 purchase agreement. Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or settlement with the debtor."

Ordinary rules of contract interpretation govern the interpretation of a release. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 528; *Benedek v. PLC Santa Monica* (2002) 104 Cal.App.4th 1351, 1356.) A court interprets a contract to ascertain and give effect to the mutual intention of the parties as it existed at the time of contracting. (§ 1636[3]; Code Civ. Proc., § 1859[4]; *Hess v. Ford Motor Co., supra,* at p. 528.) When there is a dispute about the meaning of the terms of the contract, the trial court must determine whether the terms are ambiguous. (*Winet* v. *Price* (1992) 4 Cal.App.4th 1159, 1165.) Ambiguity exists if the contract term is reasonably susceptible to either of the meanings suggested by the parties and is not based on a strained interpretation. (*Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 1115; *Shell Oil Co.* v. *Winterthur Swiss*

---

[3]     Section 1636 states: "A Contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."

[4]     Code of Civil Procedure section 1859 provides: "In the construction of a statute the intention of the Legislature, and in the construction of the instrument the intention of the parties, is to be pursued, if possible; and when a general and [a] particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it."

*Ins. Co.* (1993) 12 Cal.App.4th 715, 737.) The determination as to whether a contract is ambiguous is a question of law. (*Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912; *Wachs* v. *Wachs* (1938) 11 Cal.2d 322, 325.)

If the meaning of a contract is ambiguous and the interpretation depends upon the credibility of extrinsic evidence, the question is one of fact and the findings should not be disturbed by an appellate court. (*Winet v. Price*, *supra*, 4 Cal.App.4th at pp. 1165–1166.) In such cases, any reasonable construction of the contract is upheld if it is supported by substantial evidence. (*Ibid*.) The scope of a release may in some cases be a question of fact. (*Butler v. Vons Companies, Inc.* (2006) 140 Cal.App.4th 943, 949–951; *Neubauer v. Goldfarb* (2003) 108 Cal.App.4th 47, 58–59.) However, "[i]n the absence of extrinsic evidence, the scope of a release is determined by the express language of the release. [Citation.]" (*Benedek v. PLC Santa Monica, supra,* 104 Cal.App.4th at p. 1357.)

Appellant asserts that the addenda to the May 2012 purchase agreement are clearly general releases of all claims between the parties including any attorney fee award entered in the judgment in respondents' favor on the second amended complaint. Notwithstanding the claim the language is clear, appellant then relies on parol evidence to assist in its interpretation of the release language. When the instrument is "reasonably susceptible" to either of the meanings suggested by the parties or is ambiguous, parol evidence is admissible to interpret the meaning of the instrument. (*Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 18; *Sunniland Fruit, Inc.* v. *Verni* (1991) 233 Cal.App.3d 892, 898.) However, parol evidence is not admissible to give the instrument a meaning which is not reasonably susceptible or to show intention independent of an unambiguous document. (*Sunniland Fruit, Inc. v. Verni, supra*, at p. 898.) Under these standards, we agree with appellant that the language in the addenda is clear. Accordingly, we look no further than the addenda to interpret the releases. We agree with the trial court's conclusion that the attorney fee award was proper.

Addendum No. One, paragraph No. 4 of the May 21, 2012 purchase agreement provides: "Upon acceptance of offer, a notice of settlement shall be filed in case number LC093038 currently pending in Van Nuys Court. Upon successful close of

6

escrow, Buyer and any Brokers will agree to release each other and their representation from any and all current pending or future suit, bear their own fees and costs and dismiss the same with prejudice." By its express terms, Addendum No. One, paragraph No. 4 only applies to claims between the buyer and the broker. Appellant concedes this issue in its reply brief. In any event, there is no reference to respondents/sellers waiving or releasing their right to an attorney fee award as prevailing parties in the judgment on the second amended complaint regarding the December 2010 purchase agreement. Nothing in paragraph No. 4, of Addendum No. One can be reasonably interpreted in the manner suggested by appellant.

Addendum No. One, paragraph No. 6 of the May 21, 2012 purchase agreement states: "6. Upon close of escrow, all parties agree to fully release the other including a release under . . . section 1542." Appellant claims that this paragraph must be construed liberally and broadly under general rules applicable to settlement and release agreements. (See *Casey v. Proctor* (9163) 59 Cal.2d 97, 111; *Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 589.) "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." (§ 1648.) While the language in this paragraph is broad, it cannot by any means be interpreted to include a judgment awarding attorney fees under the December 2010 purchase agreement. Even under a broad and liberal construction nothing about the May 2012 purchase agreement provides that respondents are waiving their rights to attorney fees as prevailing parties on the second amended complaint. "It is widely recognized that the courts are not at liberty to revise an agreement under the guise of construing it. Neither abstract justice nor the rule of liberal interpretation justifies the creation of a contract for the parties which they did not make themselves." (*Hinckley v. Bechtel Corp.* (1974) 41 Cal.App.3d 206, 211.) Addendum No. One, paragraph No. 6, cannot be reasonably interpreted as a release of respondents' attorney fee award as prevailing parties in the judgment disposing of claims on the December 2010 purchase agreement.

Finally, Addendum No. Four executed in July 2012 does not assist appellant. Addendum No. Four states: "All parties (buyer, seller, and their respective

representatives, including real estate agents) acknowledge that this property is being sold in as-is condition and all parties (buyer, seller, and their respective representatives, including real estate agents) will hold each other harmless and release each other, including a release under . . . section 1542, only upon successful close of this escrow." A provision governing the *condition of the property* cannot be reasonably interpreted to encompass the attorney fee award rendered in respondents' favor on appellant's unsuccessful lawsuit under the December 2010 purchase agreement.

In sum, there was no ambiguity in the language of the addenda executed by the parties in the May 2012 purchase agreement. None of the addenda executed in regard to the May 2012 purchase agreement can be reasonably interpreted to mean respondents waived or released their right to the attorney fee award as prevailing parties on the judgment, which arose out of the December 2010 purchase agreement. Thus, the trial court correctly refused to interpret the addenda in the manner suggested by appellant. The order granting the motion must be affirmed.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *
                                    FERNS

We concur:

_____, Acting P. J.
    ASHMANN-GERST


_____, J.
    CHAVEZ

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8